IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-469-FDW

| | |
|---|---|
| HA NASI YISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| KEITH WHITENER, et al. ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, and on Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3).[1]

**I.     BACKGROUND**

Pro se Plaintiff Ha Nasi Yisrael is a state court inmate currently incarcerated at Alexander Correctional Institution. On August 14, 2013, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Keith Whitener, identified as the Superintendent of Alexander Correctional Institution ("Alexander"); Roger Moore, identified as the Assistant Superintendent of Security at Alexander; a person with the last name Walker, identified as the Assistant Superintendent of Administration at ACI; and Preston Townsend, identified as the Unit Manager of Blue Unit at Alexander. (Doc. No. 1 at 3-4). Plaintiff alleges in the Complaint that Alexander's standard operating procedures ("SOP") for Security Threat Group ("STG") inmates such as Plaintiff violate the Equal Protection and Due Process clauses of the Fourteenth

---
[1] On August 26, 2013, the Clerk entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's inmate trust account. See (Doc. No. 7).

1

Amendment and "create[] conditions that amount to cruel and unusual punishment in violation of the Eighth Amendment." (Id. at 5).

Plaintiff alleges, among other things, that "[u]pon arrival at ACI, STG members are singled out and forced to be housed on a Blue Unit cell block with rival gang members where they are subjected to work assignment discrimination that exempts them from the ideal jobs (kitchen, warehouse, laundry, etc.) that offer inmates the best opportunity of earning sentence reduction credits such as meritorious time." (Id. at 6). Plaintiff also complains that Alexander has a SOP known as Mass Movement Lockdown ("MML") that results in some of the inmates in the Blue Unit losing their telephone, television, and other liberties that "other inmates similarly situated enjoy [without] interruption." (Id. at 7).

In the Complaint, Plaintiff states that he has not exhausted administrative remedies because he is seeking an immediate preliminary injunction "due to the grave substantial risk of serious harm that is imminent from housing all Level III rival gang members on one block." (Id. at 8). Moreover, in his Prisoner Administrative Remedy Statement, Plaintiff states that since filing the Complaint he has begun the grievance process, and he states that he wants the Court to issue a preliminary injunction while he exhausts his administrative remedies. In his motion for a preliminary injunction, Plaintiff asks the Court to enter an order requiring officials at Alexander to "abolish [the prison's] discriminatory MML policy and provide Plaintiff and other validated STG inmates with equal housing arrangements that does not create a[n] imminent threat of harm by cramming rival gang members into one cell block." (Doc. No. 3 at 2).

II.     **STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA

provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

3

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, Plaintiff has admitted that he did not exhaust his administrative remedies before filing this action, and he contends that he is currently grieving his claims. Therefore, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies. Plaintiff contends, however, that he is not required in this case to exhaust his administrative remedies because he is in danger of imminent harm. This contention is without merit, as the PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury. See Arbuckle v. Bouchard, 92 F. App'x 289, 291 (6th Cir. 2004) ("[Plaintiff's] argument that he was not required to exhaust his administrative remedies because he faced a risk of immediate harm is without merit. The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury."); Jones v. Bates, No. 08-cv-545, 2012 WL 43464, at *3 (N.D. Ind. Jan. 6, 2012) ("[E]ven imminent danger does not excuse the failure to exhaust administrative 'remedies tailored to imminent dangers.'") (quoting Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1175 (7th Cir. 2010)); Severson v. Igbinosa, No. 10-cv-2217, 2011 WL 870895, at *3 (E.D. Cal. Feb. 18, 2011) ("There is no exception to the exhaustion requirement for imminent harm."). In sum, Plaintiff's action will be dismissed without prejudice for failure to exhaust administrative remedies. Because the Court is dismissing this action for failure to exhaust administrative remedies, Plaintiff's motion for a preliminary injunction is moot.

### IV. CONCLUSION

4

For the reasons stated herein, the Court dismisses this action for failure to exhaust administrative remedies, and the Court denies Plaintiff's Motion for Preliminary Injunction as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** for failure to exhaust administrative remedies.

(2) Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3), is **DENIED** as moot. The Clerk of Court is directed to close this case.

Signed: September 6, 2013

Frank D. Whitney
Chief United States District Judge